IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Asencion Alcantar-Mendivil,<br><br>    Defendant. | CR 10-00336-TUC-FRZ (JCG)<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS** |

On February 17, 2010, Defendant Asencion Alcantar-Mendivil was indicted for possession with intent to distribute 48.4 kilograms of marijuana in violation of Title 21, United States Code, Section 841(a)(1) and 841 (b)(1)(D). According to the complaint, Border Patrol agents using night vision equipment observed four individuals, three of whom were carrying bundles on their backs, loading bundles into the trunk of a vehicle. One of the individuals entered the passenger side of the vehicle. The other three ran into the brush. After agents stopped the vehicle, Defendant, the driver, consented to a search of the trunk and agents found five bundles of marijuana.

On September 23, 2010, Defendant filed a Motion to Dismiss for bad faith destruction of evidence. (Doc. 20.) Defendant alleges that on the night of his arrest, after being read his

*Miranda* rights, Defendant made an exculpatory statement, specifically that he was not aware that there was marijuana in the vehicle until after the vehicle was searched and the marijuana found. Defendant's denial of knowledge is not contained in any law enforcement report; in fact, the government contends that the Defendant was never interviewed.[1] Because there is no memorialization of Defendant's statement, Defendant contends that the statement is lost and that it was lost in bad faith because the police did not want to memorialize an exculpatory statement. Defendant therefore seeks dismissal of the charges and cites *Arizona v. Youngblood*, 488 U.S. 51 (1989), as his sole authority in support of this request.

*Arizona v. Youngblood* sets out the standard to be applied when the government fails to preserve potentially useful evidence. 488 U.S. at 57. Potentially useful evidence is "evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." In *Youngblood*, the potentially useful evidence consisted of certain semen samples which the government had not preserved and which were no longer available to determine whether they could be attributed to the defendant. The Court held that in the case of destruction of "potentially useful evidence," the defendant must show bad faith on the part of the police to establish a due process violation. *Id.* at 58. *Youngblood* is not applicable to the present case. The Defendant's statement is not the type of evidence which could have been subjected to tests and the exculpatory value of Defendant's statement is known.

*Trombetta v. California*, 467 U.S. 479 (1984), a case discussed in *Youngblood*, addresses a defendant's due process rights with respect to "what might loosely be called the area of constitutionally guaranteed access to evidence." *Id.* at 485 (quotations omitted). *Trombetta* sets forth the standard to be applied when the defendant alleges that the government failed to preserve evidence. *Trombetta* involved the destruction of breath

---

[1] For purposes of this report and recommendation, the Magistrate Judge assumes that the Defendant made the exculpatory statement denying knowledge of the drugs. Although the government disputes that such statement was made and offered to present evidence to this effect at a hearing on the motion, the question of whether Defendant made such a statement is one for the jury to decide.

samples used in Intoxilyzer testing. The breath samples were destroyed during the process and thus, not available to the defendant. The *Trombetta* Court held that the government has a duty to preserve evidence if (1) the evidence is material and exculpatory in nature, (2) the exculpatory value of the evidence is apparent before the evidence is destroyed, and (3) the defendant is unable to obtain comparable evidence by other reasonably available means. 467 U.S. at 489.

No *Trombetta* violation has occurred in this case. Defendant's statement has not been destroyed. In addition, Defendant is able to obtain comparable evidence by other reasonably available means - by testifying as to his statement. In fact, even in cases where a Defendant's exculpatory statement was memorialized, but subsequently destroyed, the Courts have uniformly held that there was no due process violation because the defendant was able to present comparable evidence - the statement. Thus, in *United States v. Watkins*, 188 F.3d 520 (10th Cir. 1999), the court found no violation where officers recorded, but later destroyed the recording of, an interview in which the defendant denied involvement in a drug conspiracy. The court reasoned that the defendant had the ability to take the stand and repeat the testimony and further, that the evidence was likely inadmissible because it would have been hearsay. In *Olszewski v. Spencer*, 466 F.3d 47 (1st Cir. 2006), the court concluded that no due process violation occurred where a witness tore up his own statement and police failed to recover the pieces, because the defendant failed to show that there was any material information in the first statement that the witness and/or officer could not recall. *Id.* at 58-59. Similarly, in the present case, Defendant can present his denial of knowledge to the jury by testifying. Notably, even if the alleged statement had been memorialized by the officers, Defendant would not likely be permitted to question the officers about the statement as such testimony would be hearsay.

*Trombetta and Youngblood* govern cases in which the government no longer possesses the disputed evidence. *United States v. Femia*, 9 F.3d 990, 993 (1st Cir. 1993). That the government at one time possessed the evidence is an assumption underlying the analysis of the courts applying these cases. S*ee Miller v. Vasquez,* 868 F.2d 1116 (9th Cir. 1989) (due

1 process protection triggered when defendant requests the material exculpatory evidence from
2 the prosecution); *see also Trombetta*, 467 U.S. at 487-88 & nt. 5 (concluding that Intoxilyzer
3 procedure brought defendant's breath samples into possession of California authorities);
4 *United States v. Alas,* 2009 WL 504687 (D. Ariz. 2009) (bolt lock seal cut by officers);
5 *Horowitz v. Harry*, 2009 WL 2143797 (E.D. Mich. 2009) (officer's notes of interview with
6 testifying witness); *Jones v. McCaughtry*, 775 F.Supp. 309 (W.D. Wisc. 1991) (destruction
7 of single sperm sample).   In the present case, there was no physical evidence to possess.  No
8 notes or reports were made of the Defendant's statement.  The evidence - an oral statement -
9 was not a physical object that could be possessed; nor could it be destroyed.  Although
10 officers could have memorialized the statement, they did not do so.

11       Defendant's argument assumes that *Youngblood* or some other authority required the
12 officers to record his statement, *i.e.* to create physical evidence of the statement.  The Ninth
13 Circuit has held a bad faith failure to collect potentially exculpatory evidence could violate
14 due process, but in relation to the collection of physical evidence.  See *Miller v. Vasquez*, 68
15 F.2d 1116, 1120 (9th Cir. 1989) (potential claim stated where officer who failed to collect
16 rape victim's bloodstained jacket and photograph scratches on defendant's arms, had referred
17 to defendant by using an extremely derogative expletive, tried to dissuade witnesses from
18 testifying by telling them of defendant's prior criminal history, and lied about his knowledge
19 of the bloody jacket.)  The duty to collect existing physical evidence has not been extended
20 to impose a duty to *create* such evidence.  *See Ward v. Schriro*, 2010 WL 3923586, *17 (D.
21 Ariz. 2010) (detective's failure to record interview with murder victim's son does not
22 constitute due process violation because officer not required to create evidence).  In the
23 present case, the officers did not possess any physical evidence that required preservation.
24 Under applicable law, they were not required to create such evidence by recording or
25 memorizing exculpatory statements which the Defendant made.  Defendant cites no authority
26 which imposes such an obligation on the officers.

27       For all the foregoing reasons, the Magistrate Judge recommends that the District
28 Court, after its independent review, DENY the Motion to Dismiss Indictment.  (Doc. 20.)

1  The parties have fourteen (14) days to serve and file written objections to the Report and
2  Recommendation.  The parties are advised that any objections should be filed with the
3  following caption: CR 10-00336-TUC-FRZ.
4        DATED this 13th day of October, 2010.

                            Jennifer C. Guerin
                            United States Magistrate Judge